**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

Hearing Date: May 18, 2015 at 10:00 a.m.
Objections Due: May 11, 2015 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                          Chapter 11

IMPERIAL CAPITAL, LLC,                                          Case No.: 14-10236 (SCC)

                            Debtor.
-----------------------------------------------------------------x

**NOTICE OF HEARING ON CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 363(B), (F) AND (M) AND RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING THE PUBLIC SALE OF THE DEBTOR'S REAL PROPERTIES LOCATED AT 4401 COLLINS AVENUE, MIAMI, FLORIDA 33140 AND KNOWN AS UNITS 714, 716 AND 2202; (II) SCHEDULING A HEARING TO CONFIRM THE RESULTS OF SUCH SALE TO THE HIGHEST OR BEST BIDDER(S); (III) APPROVING CERTAIN TERMS AND CONDITIONS OF SALE; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE,** that on **May 18, 2015 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Court") before the Honorable Shelley C. Chapman, United States Bankruptcy Judge on the motion of Salvatore LaMonica, as Chapter 11 Trustee (the "Trustee") of the estate of Imperial Capital, LLC (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order pursuant to 11 U.S.C. § 363 (b), (f), and (m) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the sale of the estate's interest in the real properties located at 4401 Collins Avenue, Miami, Florida 33140 and known as Units 714, 716 and 2202 (collectively, the "Fontainebleau Properties"), free and clear of all liens, claims, encumbrances and interests (the "Liens") to the highest or best bidder(s) at a public sale; (b) approving the terms and conditions that will govern the public sale of the Fontainebleau

Properties; (c) scheduling a hearing to confirm results of the public sale of the Fontainebleau

Properties to the highest or best bidder(s) at the public sale; and (d) granting such other and

further relief as this Court deems just and proper under the circumstances (the "Motion").

    **PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the

Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with

particularity the grounds therefor and be filed with the Court, with a courtesy copy to the

Chambers of the Honorable Shelley C. Chapman, United States Bankruptcy Judge, and served

upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the

Trustee, Attn: Holly R. Holecek, Esq., no later than **May 11, 2015 by 5:00 p.m.**, as follows: (i)

through the Bankruptcy Court's electronic filing system, which may be accessed through the

internet at the Bankruptcy Court's website at www.nysb.uscourts.gov, in portable document

format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to

file electronically, such party shall submit the objection in PDF format on a diskette in an

envelope with the case name, case number, type and title of document, document number to

which the objection refers and the file name on the outside of the envelope.

Dated: April 24, 2015
        Wantagh, New York            **LaMONICA HERBST & MANISCALCO, LLP**
                                     Counsel to Salvatore LaMonica, as Chapter 11 Trustee

                        By:    _s/ Gary F. Herbst_
                               Gary F. Herbst, Esq.
                               Holly R. Holecek, Esq.
                               3305 Jerusalem Avenue
                               Wantagh, New York 11793
                               Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                    Chapter 11

IMPERIAL CAPITAL, LLC,                                    Case No.: 14-10236 (SCC)

                      Debtor.
-----------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11
U.S.C. §§ 363(B), (F) AND (M) AND RULES 2002 AND 6004 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE: (I) AUTHORIZING THE PUBLIC SALE OF THE
DEBTOR'S REAL PROPERTIES LOCATED AT 4401 COLLINS AVENUE, MIAMI,
FLORIDA 33140 AND KNOWN AS UNITS 714, 716 AND 2202; (II) SCHEDULING A
HEARING TO CONFIRM THE RESULTS OF SUCH SALE TO THE HIGHEST OR
BEST BIDDER(S); (III) APPROVING CERTAIN TERMS AND CONDITIONS OF
SALE; (IV) APPROVING THE MANNER AND EXTENT OF NOTICE;
AND (V) GRANTING RELATED RELIEF**

       Salvatore LaMonica, as Chapter 11 Trustee (the "Trustee") of the estate of Imperial

Capital, LLC (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this

motion seeking the entry of an Order pursuant to 11 U.S.C. § 363 (b), (f), and (m) and Rules

2002 and 6004 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the sale of the

estate's interest in the real properties located at 4401 Collins Avenue, Miami, Florida 33140 and

located at Units 714, 716 and 2202 (collectively, the "Fontainebleau Properties"), free and clear

of all liens, claims, encumbrances and interests (the "Liens") to the highest or best bidder(s) at a

public sale; (b) approving the terms and conditions that will govern the public sale of the

Fontainebleau Properties; (c) scheduling a hearing to confirm results of the public sale of the

Fontainebleau Properties to the highest or best bidder(s) at the public sale; and (d) granting such

other and further relief as this Court deems just and proper under the circumstances, and respectfully sets forth as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(M) and (N).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein include 11 U.S.C. § 363(b), (f), and (m) (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On January 31, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5.      By Order dated May 29, 2014, the Court directed the appointment of a Chapter 11 Trustee. By Order dated June 3, 2014, Salvatore LaMonica was appointed as the Chapter 11 Trustee of the Debtor's estate.

6.      As of the Petition Date, the Debtor held a 100% ownership interest in the Fontainebleau Properties. The Fontainebleau Properties consist of three units in the Fontainebleau hotel in Miami, Florida. Unit 714 is a one bedroom suite with two bathrooms, a full kitchen, a living room, a dining room and a terrace. Unit 716 is a junior suite with one bathroom, a partial kitchen, a living room, a dining area and a terrace. Unit 2202 is a junior oceanfront suite with one bathroom, a partial kitchen, a living room, a dining area and a balcony. The Fontainebleau Properties are currently managed and rented by the hotel.

4

7.      The Trustee filed a supplemental application to employ David R. Maltz & Co., Inc. ("Maltz") to market and sell the Fontainebleau Properties. See Dkt. No. 107.

8.      The Trustee believes that it is in the best interests of the estate and its creditors to move forward with a public sale of the Fontainebleau Properties. The Fontainebleau Properties consist of units in a luxury hotel property in Miami. Subject to this Court's approval, the Trustee has scheduled the public sale for June 12, 2015 at 12:00 p.m. at the Court and a satellite location in Miami Beach, Florida (the "Public Sale").

9.      Maltz has been actively marketing the Public Sale of the Fontainebleau Properties and will continue to market the Public Sale. Maltz's marketing campaign has included (or will include), among other things, direct telephone and fax solicitation, internet advertising, newspaper, trade publication and/or journal advertising. Maltz has designed a specific web page for the Public Sale and placed it on its corporate website and has been communicating with parties who have expressed an interest in the Fontainebleau Properties. Open houses will also be conducted.

10.     In order to facilitate the Public Sale of the Fontainebleau Properties, the Trustee prepared the Terms and Conditions of Sale annexed as Exhibit A which, subject to the Court's approval, will govern the submission of competing offers at the Public Sale. The Trustee submits that the proposed Terms and Conditions of Sale are customary, reasonable and in the best interests of the Debtor's estate and its creditors.

11.     Briefly, the salient provisions of the proposed Terms and Conditions of Sale are as follows:

    a.  The Fontainebleau Properties will be offered for sale in combinations, bulk or individually.

5

b. Prior to the commencement of the Public Sale, bidders must deposit $60,000.00 to bid on Unit 714, $40,000.00 to bid on Unit 716 and $40,000.00 to bid on Unit 2202.

c. Within forty-eight (48) hours of the Public Sale, the successful bidder(s) must post an amount equal to 10% of the accepted highest or best bid(s) at the Public Sale, plus a 5% buyer's premium with the Trustee.

d. The successful bidder(s) must close on the Fontainebleau Properties within forty-five (45) days from the entry of an Order approving the Trustee's sale of the Fontainebleau Properties to the successful bidder(s).

e. The Fontainebleau Properties are being sold "AS IS" "WHERE IS", "WITH ALL FAULTS", without any representations, covenants, guarantees or warranties of any kind or nature and free and clear of all Liens, with any such Liens to attach to the proceeds from the sale.

See Exhibit A. The precise terms and conditions are fully set forth in the Terms and Conditions of Sale annexed as Exhibit A. Interested parties are encouraged to the read the Terms and Conditions of Sale.

12.      In accordance with Bankruptcy Rules 6004(a) and (c) and 2002(a)(2), the Trustee will cause a Notice of Intended Sale and Sale Hearing (the "Sale Notice") to be served on the following parties: (a) all known holders of Liens against the Fontainebleau Properties; (b) counsel to the Fontainebleau; (c) the Office of the United States Trustee; (d) the Debtor's counsel; (e) the Debtor's known creditors; (f) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules; (g) all parties that have filed a notice of appearance in these cases; and (h) all parties that expressed an interest in the Fontainebleau Properties to the Trustee or his professionals. The Sale Notice will, among other things, advise all interested parties of the Public Sale date, time and location.

13.      At the conclusion of the Public Sale and subject to Court approval, the Trustee will determine, in his sole business judgment, the highest or best offer(s) for the Fontainebleau

Properties. The Trustee respectfully requests that a hearing to confirm the results of the Public

Sale be scheduled for June 22, 2015 at 10:00 a.m. (the "Sale Confirmation Hearing").

## RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

14.    By this Motion, the Trustee requests authority, pursuant to Bankruptcy Code §§

105 and 363, to sell the estate's interest in the Fontainebleau Properties, free and clear of all

Liens, if any, pursuant to the Terms and Conditions of Sale annexed to this Motion as Exhibit A

at the Public Sale.

## I.    The Public Sale of the Fontainebleau Properties Should Be Approved

15.    Bankruptcy Code § 363(b) provides that "[t]he trustee, after notice and a hearing,

may use, sell, or lease, other than in the ordinary course of business, property of the estate". 11

U.S.C. § 363(b)(1). Although Bankruptcy Code § 363 does not set forth a standard for

determining when it is appropriate for a court to authorize the sale or disposition of a debtor's

assets, the United States Court of Appeals for the Second Circuit, in applying this section, has

required that it be based upon the sound business judgment of the trustee. See Motorola, Inc. v.

Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d

Cir. 2007) (quoting Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),

722 F.2d 1063, 1071 (2d Cir. 1983)); Official Comm. of Unsecured Creditors of LTV Aerospace

& Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); Parker

v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010)

("The overriding consideration for approval of a Section 363 sale is whether a 'good business

reason' has been articulated." (citations omitted)).

16.    The terms of such sale are also generally within the sound discretion of the

trustee. See In re Dial-A-Mattress Operating Corp., Case No. 1-09-41966 (dem), 2009 Bankr.

LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) (explaining courts "generally will defer to the business judgment of the debtor's management" (citations omitted)); In re Ionosphere Clubs, Inc., 100 B.R. 670 (Bankr. S.D.N.Y. 1989) (approving sale of debtor's airline shuttle assets where the debtor articulated a compelling business reason for the sale and the price represented fair value and evidenced exercise of independent good faith and non-coerced business judgment).

17.    Under Bankruptcy Rule 6004(f)(1), "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." FED. R. BANKR. P. 6004(f)(1). In practice, the preferred method is to conduct an auction because an auction will most often result in a greater number of potential bidders in the shortest amount of time.

18.    Here, the Trustee is exercising sound business judgment by selling the Fontainebleau Properties at the proposed Public Sale. The Trustee has determined that the proposed Public Sale will ensure that the highest and best offer is received for the Fontainebleau Properties.

19.    The Fontainebleau Properties are rental properties in a luxury hotel in Miami, Florida. The real estate market in Miami is thriving. Maltz has been actively marketing both the Fontainebleau Properties and the Public Sale. Indeed, Maltz has been engaged in discussions with a variety of interested parties and advised the Trustee that there is substantial interest in the Fontainebleau Properties. The Public Sale will ensure that all interested parties have the opportunity to bid on the Fontainebleau Properties and the Debtor's bankruptcy estate will thereby benefit by securing the highest and best offer for the Fontainebleau Properties.

20.    In order to advertise the Public Sale, and as set forth above, the Trustee will cause copies of the Sale Notice to be served upon all interested parties in these cases. As further set

forth above, Maltz will continue marketing the Public Sale by, among other things, direct telephone and fax solicitation, internet advertising, newspaper, trade publication and/or journal advertising, and other such marketing methods as may be necessary in order to properly market the Fontainebleau Properties.

21.    The Trustee believes that there has been and will be ample notice of the Public Sale in order to encourage active bidding and to achieve the highest and best offers for the Fontainebleau Properties.

22.    For these reasons, the Trustee respectfully requests that he be authorized to proceed with the Public Sale.

## II.    The Fontainebleau Properties Should Be Sold Free And Clear Of Liens

23.    The Trustee seeks approval of the sale of the Fontainebleau Properties free and clear of all Liens. Upon information and belief and according to best available information, the Fontainebleau Properties are encumbered by mortgages as follows:

a.   Unit 714 is subject to a first mortgage lien held by US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2006-21, which as of May 26, 2011, was owed the sum of $622,689.90.

b.   Unit 716 is subject to a first mortgage lien held by Deutsche Bank National Trust Co. which, as of the Petition Date, was owed $265,000.00 according to the Debtor's Amended Schedule D.

c.   Unit 2202 is subject to a first mortgage lien held by Deutsche Bank National Trust Co. as Trustee of the Indymac Indx Mortgage Loan Trust 2006-AR7, Mortgage Pass-Through Certificates, Series 2006-AR7 Under the Pooling and Serving

Agreement Dated March 1, 2006, which, as of the Petition Date, was owed
$365,000.00 according to the Debtor's Amended Schedule D.

24.    Property may be sold outside the ordinary course of business under Bankruptcy

Code § 363(b), free and clear of all liens, claims and encumbrances under Bankruptcy Code §

363(f), only if:

> (1) applicable nonbankruptcy law permits sale of such property free and
> clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold
> is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to
> accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

25.    Accordingly, a trustee may sell property of a bankruptcy estate outside the

ordinary court of business if one of the five conditions under Bankruptcy Code § 363(f) is

satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at

*31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing Bankruptcy Code § 363(f)); In re Borders

Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code §

363(f)).

26.    Here, the Trustee believes that the fair market value of the Fontainebleau

Properties exceeds any Liens against the Fontainebleau Properties. However, all potential

holders of Liens will be provided with notice of the Public Sale vis-à-vis the notice of sale and

will have an opportunity to object to the relief requested in this Motion and any such entity that

does not object to the sale shall be deemed to have consented. See, e.g., Futuresource LLC v.

Reuters, Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) (standing for the proposition that the lack of an objection to a proposed sale of assets counts as consent); Hargrave v. Township of Pemberton (In re Tabone, Inc.), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (citing In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985)). See also In re Enron Corp., 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y. 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)). Thus, to the extent any parties holding a Lien on the Fontainebleau Properties fails to object to the Public Sale, the Trustee's sale of the Fontainebleau Properties free and clear of all Liens satisfies Bankruptcy Code § 363(f)(2).

### III.    The Successful Bidder(s) Shall Be Entitled To 363(m) Protection

27.    Bankruptcy Code § 363(m) protects good faith purchasers at sales conducted under Bankruptcy Code § 363(b) by providing that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

28.    Although the Bankruptcy Code does not define good faith, the United States Court of Appeals for the Second Circuit has provided the following definition of good faith in the context of sales under Bankruptcy Code § 363:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. . . .

As just defined, the good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings.

Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (quotations and citations omitted); see In re Motors Liquidation, 430 B.R. at 78 (relying on Gucci definition of good faith in this context).

29.    The Trustee is selling the Fontainebleau Properties at a Public Sale after the public and interested parties had notice and an opportunity to bid and the Fontainebleau Properties was extensively marketed by Maltz. After the Public Sale, the Trustee will seek to confirm the results of the sale to the highest or best bidder. The Trustee submits that the sale to the highest or best bidder will be an arms'-length transaction and, thus, the successful bidder from the Public Sale will be a good faith purchaser of the Fontainebleau Properties.

30.    Accordingly, the Trustee respectfully requests the successful bidder be afforded the protections under Bankruptcy Code § 363(m).

## IV.    **Waiver of Stay**

31.    Under Bankruptcy Rule 6004(h), orders authorizing the sale of a debtor's assets under Bankruptcy Code § 363(b) are "stayed until the expiration of 14 days after entry of the order" authorizing such sale. FED. R. BANKR. P. 6004(h). Bankruptcy Rule 6006(d) similarly provides that orders authorizing the assignment of an unexpired lease under Bankruptcy Code § 365(f) are stayed for 14 days, unless the court orders otherwise. FED. R. BANKR. P. 6006(d).

32.    A waiver of the stay requirement under Bankruptcy Rule 6004(h) will relieve the Debtor's estate of any financial burdens associated with the Fontainebleau Properties and reduce the expenditure of additional funds to maintain the Fontainebleau Properties. Additionally, such a stay could further delay the date that a new owner can take possession and control of the Fontainebleau Properties and thus could chill the sale. Conversely, the waiver of the stay will

12

allow for a smoother transition for the new owner and unburden the Trustee and the estate from any obligations arising from the Fontainebleau Properties.

33.    For these reasons, the Trustee respectfully requests that the Court waive the requirement under Bankruptcy Rule 6004(h).

**V.    <u>Notice and No Prior Request</u>**

34.    Bankruptcy Rule 2002(a) requires that notice of motions under Bankruptcy Code § 363(b) be given to "the debtor, the trustee, all creditors and indenture trustees . . . ." FED. R. BANKR. P. 2002(a). Bankruptcy Rule 2002(c)(1) directs that notices of proposed sales of property of the estate "shall include the time and place of any Auction, . . . and the time fixed for filing objections." FED. R. BANKR. P. 2002(c)(1).

35.    The Trustee intends to serve this Motion by first class mail on: (a) all known holders of Liens against the Fontainebleau Properties; (b) counsel to the Fontainebleau; (c) the Office of the United States Trustee; (d) the Debtor's counsel; (e) the Debtor's known creditors; (f) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules; and (g) all parties that have filed a notice of appearance in these cases. The Trustee submits that such notice is sufficient, such notice complies with Bankruptcy Rule 2002(c) and that no further notice is required.

36.    Pursuant to Bankruptcy Rule 9014, the Trustee proposes that objections, if any, to the Motion must be in writing, filed on the date set forth by the Court, conform with the Bankruptcy Rules and the Local Rules of the Court and must be filed with the Court. The Trustee requests that the failure of any objecting person or entity to timely file its objection, and in accordance with these requirements, shall act as a bar to the assertion of any objection to the Motion and to the Trustee's sale of the Fontainebleau Properties.

13

37.     The Trustee has not previously sought this relief to this or any other Court.

38.     For all the foregoing reasons, the relief requested herein is appropriate and in the best interest of all interested parties, the estate and its creditors.

**WHEREFORE,** the Trustee requests that the Court enter an Order: (i) authorizing the Trustee to proceed with the Public Sale of the estate's interest in the Fontainebleau Properties; (ii) approving the Terms and Conditions of Sale; (iii) scheduling the Sale Confirmation Hearing; and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: April 24, 2015
        Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Chapter 11 Trustee

By:     _s/ Gary F. Herbst_
        Gary F. Herbst, Esq.
        Holly R. Holecek, Esq.
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        Telephone: (516) 826-6500

14